

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
WILTON REASSURANCE LIFE
COMPANY OF NEW YORK,

               Plaintiff-Interpleader,      **ORDER**

       - against -     No. 12-cv-5131 (SLT) (VMS)

MICHAEL SMITH, ANTHONY
COLUMBIS SMITH, VANESSA
SMITH aka BENHESTER CRAIG,
SAKINA SMITH AND JANE DOE,

               Defendants.
-----------------------------------------------------------X
**TOWNES, United States District Judge,**

      Wilton Reassurance Life Insurance Company of New York ("Wilton") brought this interpleader action pursuant to 28 U.S.C. § 1335 to resolve conflicting claims as to a $25,000 life insurance policy on the decedent, Columbus Smith (the "Policy"), the proceeds of which are claimed by several of the decedent's surviving family members, all of whom appear before this Court *pro se*: the decedent's two sons, Michael Smith ("Michael") and Anthony Columbus Smith ("Anthony"); the decedent's alleged daughter Benhester Craig ("Benhester");[1] and Michael's wife, Sakina Smith ("Sakina"). Currently before the Court is the thorough and well-reasoned January 21, 2015 Report and Recommendation of Magistrate Judge Scanlon on Michael's pending motion for summary judgment, which recommends that Michael's motion be granted as to Sakina's claims but denied as to Michael's, Anthony's, and Benhester's claims, and further recommends that an order be issued designating the case for court-annexed mediation pursuant to Local Civil Rule 83.8(b)(1). For the following reasons, the Report and Recommendation is affirmed and adopted in its entirety.

---

     [1] Benhester is currently homeless and a resident of Georgia. The Court has maintained contact with her through an email address and a P.O. Box.

## Legal Standard

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the district court and to submit to the district court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within fourteen days of service of the report and recommendation, any party may file written objections to the magistrate judge's report. *See id.* Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the report and recommendation. *See id.; see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b)(3). The Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

## Discussion

On April 1, 1992, Wilton, an insurance company, issued a life insurance policy under Policy Number LN00414370 on the life of Columbus Smith, which designated, as beneficiaries: "4/5 Vanessa Smith [age] 38 [relationship] daughter" and "1/5 Michael Smith [age] 36 [relationship] son." Am. Compl. Ex. 2. Although the Policy initially named "Vanessa Smith" and "Michael Smith," described as "daughter" and "son" as beneficiaries, *id.*, Wilton subsequently received three requests to change the policy beneficiaries: (1) from "Benhester Craig, Michael Smith" to "Anthony C. Smith," (2) from "Michael, Benhester" to "Anthony

Columbus Smith – 'only,'" and finally, (3) from "[left blank]" to "Anthony Columbus Smith," *id.* Exs. 3, 5, and 9. However, Wilton rejected each request on the grounds that each failed to comply, in various ways, with the company's change in beneficiary requirements. *Id.* Exs. 4, 6, and 10. After Columbus Smith's death on September 24, 2011, *id.* Ex. 11, Wilton received competing claims for the death benefits under the Policy from Anthony Smith, Michael Smith, and Benhester Craig. *Id.* Exs. 12 and 13. Unable to determine to whom the death benefits were due, Wilton commenced the instant interpleader action pursuant to 28 U.S.C. § 1335. Wilton deposited the disputed funds, minus attorneys' fees and costs, with the Clerk of Court and was dismissed from this action.

On October 18, 2013, Michael moved for summary judgment seeking to be declared the sole beneficiary, on the grounds that there is no "Vanessa Smith" and the three attempts to change the designated beneficiary to Anthony should be rejected for various reasons. Sakina, Michael's wife, who initially maintained that she was the "Vanessa Smith" named in the Policy, does not oppose her husband's attempt to be declared the sole beneficiary. Anthony and Benhester oppose Michael's motion. The parties positions are as follows: Michael and Sakina, husband and wife, assert that the policy was intended for them, and that Sakina Smith is actually the "Vanessa Smith" listed on the original beneficiary form. Michael nevertheless seeks to be declared the *sole* beneficiary because there is no "Vanessa Smith" in their family, and Benhester has never been known as "Vanessa" and was not biologically related to Columbus Smith. In response, Benhester asserts that she is the "Vanessa Smith" listed on the original beneficiary form, and that her father mispronounced her name causing the insurance agent who filled in the form to misspell her name. She submits numerous tax returns and other documents in which Columbus Smith referred to "Benhester" as his daughter. Anthony urges the Court to give legal effect to the rejected change in beneficiary forms and declare him the sole beneficiary. Michael and Benhester contend that the disputed change of beneficiary forms should be rejected because

3

Anthony exerted undue influence over their father and falsified their father's signature on the change of beneficiary forms.

This Court referred the motion to Magistrate Judge Scanlon for a report and recommendation. (Dkt. No. 34.) In her January 21, 2015 report and recommendation, Judge Scanlon found that, upon review of the evidence submitted by the parties and the relevant law, it is a question of material fact whether any of the three disputed change of beneficiary forms should be given legal effect and, if not, whether Benhester has sufficiently established that she is the "Vanessa Smith" listed on the original beneficiary form. Accordingly, Judge Scanlon recommended that summary judgment be denied as to claims by Anthony and Benhester. Judge Scanlon further recommended that summary judgment be granted as to Sakina's claims, on the grounds that she did not dispute that she is not "Vanessa Smith." Judge Scanlon also recommended that the matter be designated for court-annexed mediation pursuant to Local Rule 83.8, with Benhester to attend by telephone or videoconference connection if she cannot attend in person.

On February 6, 2015, the court received an "objection" from Michael, which consists of a single paragraph which provides: "Please Except (*sic*) this as my objection to the R+R I have provided evidence from her son This document states the name of Benhester Craig is the correct name not Vanessa Smith." (Dkt. No. 44.) Appended to the single page objection is a letter which states: "Whom it may Concern: My mother's name is not Vanessa Smith her name is Benhester Craig, and that has been her name for the past 37 years of my life. If you have any questions feel free to give me a call… Thank you Deshaun Craig." *Id.* No other objections have been received.

Given that no party objects to Judge Scanlon's finding that material questions of fact preclude awarding summary judgment as to Anthony's claims, the Court does not review the factual or legal conclusions in those portions of the report and recommendation. *Thomas*, 474

U.S. at 150. This Court construes Michael's objection, which appears to submit additional evidence contesting that Benhester is the "Vanessa Smith" named in the Policy, as an objection to the portion of the report and recommendation that concludes that there are material issues of fact as to whether "Vanessa Smith" refers to Benhester Craig. (Dkt. No. 43 at 26-30.) In light of this objection, the Court has conducted a *de novo* review of the pertinent facts and law in that portion of the report and recommendation.

Judge Scanlon found that there was ample evidence in the record supporting Benhester Craig's contention that the designation of "Vanessa Smith ... daughter" as beneficiary was a scrivener's error, given that it is undisputed that Columbus Smith had no other daughters and documents such as tax returns establish that Columbus Smith repeatedly claimed Benhester as his dependent daughter. Upon review of the pertinent law, Judge Scanlon found that courts in this Circuit have held that typographical errors in recording a beneficiary's name may be subject to correction under principles of equity. (*Id.* at 27-28 (citing, inter alia, *Metro. Life Ins. Co. v. Bigelow*, 283 F.3d 436, 443 (2d Cir. 2002) (finding, despite a "transcription error" misidentifying one of the decedent's daughters, "there is no genuine dispute as to the identification of the alternate payees ... [because] the Daughters are identified with sufficient specificity."); *Hughes v. Brant*, No. 92 CIV. 1825 (KC), 1993 WL 535162, at *2 (S.D.N.Y. Dec. 17, 1993) (stating that "there is abundant precedent for invoking equity to correct scriveners' errors through reformation."). Accordingly, Judge Scanlon concluded that it was a question of fact whether Benhester Craig was the "Vanessa Smith" designated as a beneficiary by the policy holder and denied summary judgment. Michael's objection, which merely provides additional evidence confirming that Benhester Craig is not known as "Vanessa Smith" does nothing to alter this analysis because it is undisputed that Benhester Craig was not known as "Vanessa." Rather, the

material question of fact is whether the designation of "Vanessa" was a scrivener's error subject to correction.

## Conclusion

Upon a *de novo* review of those portions of the report and recommendation to which Michael's objection was addressed, this Court affirms and adopts the report and recommendation based on the pertinent findings upon which it is grounded and hereby denies Michael's objection. For the reasons stated above, Michael's motion for summary judgment is granted in part and denied in part. Specifically, Sakina's claims are dismissed, but summary judgment is denied as it pertains to Michael's, Anthony's and Benhester's claims. This case is designated for Court-annexed mediation pursuant to Local Civil Rule 83.8(b)(1), with Benhester to attend by telephone or videoconference connection if she cannot attend in person.

**SO ORDERED.**

/s/ Sandra L. Townes
‎‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
/SANDRA L. TOWNES
United States District Judge

Brooklyn, New York
Dated: February 12, 2015